# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FISHERMAN SURGICAL INSTRUMENTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 06-2082-KHV** |
| **TRI-ANIM HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## ORDER

This matter is before the Court on Defendant's Motion To Transfer Venue (Doc. #4) filed May 9, 2006. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

Under 14 U.S.C. § 1404(a), the Court may transfer a case to any district or division where it might have been brought for "the convenience of the parties and witnesses" and "in the interest of justice." The decision whether to grant a motion to transfer is within the sound discretion of the district court. See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992). The Court considers the following factors: plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical. Chrysler Credit

Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)).  The moving defendant bears the burden of proving that the facts weigh heavily in favor of transfer, and the plaintiff's choice of forum is afforded "great weight." KCJ Corp. v. Kinetic Concepts, Inc., 18 F. Supp.2d 1212, 1214 (D. Kan. 1998); Allstate Ins. Co. v. Employers Reinsurance Corp., 715 F. Supp. 1502, 1503 (D. Kan. 1989).  Unless the balance strongly favors the movant, plaintiff's forum choice should rarely be disturbed.  Scheidt, 956 F.2d at 965; Dow Chem. Corp. v. Weevil-Cide Co., 630 F. Supp. 125, 130 (D. Kan. 1986).

## **Analysis**

For substantially the reasons stated in Plaintiff's Memorandum In Opposition To Defendant's Motion To Transfer Venue (Doc. #7), defendant has not met its burden to show that a transfer of venue is justified under the facts of this case.  In particular, defendant has not shown that for it, the potential costs and inconvenience of litigating this matter in Kansas significantly outweigh the corresponding costs and inconvenience to plaintiff of litigating the matter in California.  A transfer of this case likely would simply shift any inconvenience to plaintiff.  Without more, this Court will not disturb plaintiff's legitimate choice of forum.  Therefore the Court overrules defendant's motion to transfer.[1]

---

[1] On June 9, 2006, shortly before the Court was prepared to enter this order, defendant filed an untimely reply brief.  Under D. Kan. Rule 7.4, failure to file a response within the time specified constitutes waiver of the right to thereafter file such a response, except upon a showing of excusable neglect. Because defendant has offered no justification for its untimely reply, the Court disregards it.  Even if the Court considered defendant's reply brief, however, it would overrule defendant's motion.  In its reply, defendant asserts that many of the witnesses identified by plaintiff have little (if any) relevant information. Defendant ignores the fact that it has the burden of establishing that the existing forum is inconvenient.  See Scheidt, 956 F.2d at 965.  To satisfy its burden, defendant must indicate (1) the quality or materiality of the testimony of witnesses who do not reside in Kansas and (2) that the witnesses will be inaccessible if

(continued...)

**IT IS THEREFORE ORDERED** that Defendant's Motion To Transfer Venue (Doc. #4) filed May 9, 2006 be and hereby is **OVERRULED**.

Dated this 27th day of June, 2006 at Kansas City, Kansas.

                                                    s/ Kathryn H. Vratil
                                                    KATHRYN H. VRATIL
                                                    United States District Judge

---

[1](...continued)
trial is held in Kansas. See id. at 966. Defendant has not addressed this second element. As to the first element, the Court cannot effectively evaluate the quality or materiality of witness testimony at this time. If discovery reveals that nearly all material non-party witnesses reside in California and that such witnesses will be inaccessible if trial is held in Kansas, defendant may renew its motion.

      Defendant also claims that because the products involved in this case are stored in its warehouse in California, the District of Kansas would be inconvenient. The products in this case are relatively small surgical instruments. Defendant has not shown that it must ship *all* of these products to Kansas or, for that matter, that it would be inconvenient to do so.