## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FISHERMAN SURGICAL INSTRUMENTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| **v.** ) | |
| ) | **No. 06-2082-KHV** |
| **TRI-ANIM HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER
### NUNC PRO TUNC

Fisherman Surgical Instruments, LLC ("Fisherman") filed suit against Tri-Anim Health Services, Inc. ("Tri-Anim") for promissory estoppel and breach of a distribution agreement in which Tri-Anim agreed to distribute Fisherman surgical instrument products. This matter is before the Court on <u>Plaintiff's Motion To Strike Certain Affirmative Defenses Of Tri-Anim's Answer To Plaintiff's Second Amended Complaint And To Dismiss Or Strike Counts VI and VII Of Defendant's First Amended Counterclaim, Or For Partial Judgment On The Pleadings On Those Counts, For Failure To Comply With Fed. R. Civ. P. 9(b)</u> (Doc. #68) filed November 17, 2006. For reasons stated below, the Court sustains plaintiff's motion in part.

### Legal Standards

Although plaintiff characterizes its motion as one to strike or dismiss or for judgment on the pleadings, the Court evaluates it as a motion to dismiss under Rule 12(b)(6) because it challenges the legal sufficiency of defendant's defenses and counterclaims and plaintiff filed its motion before it filed a reply to defendant's answer and counterclaim. A Rule 12(b)(6) motion should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of its claim which would entitle it to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>GFF Corp. v.</u>

Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997). The Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff. See Shaw v. Valdez, 819 F.2d 965, 968 (10th Cir. 1987). In reviewing the sufficiency of plaintiff's complaint, the issue is not whether plaintiff will prevail, but whether it is entitled to offer evidence to support its claims. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). Although plaintiff need not precisely state each element of its claims, it must plead minimal factual allegations on those material elements that must be proved. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

### Factual Background

Defendant's answer and counterclaim (Doc. #62) alleges as follows:

Plaintiff manufactures surgical instruments. In December of 2004, plaintiff and defendant began negotiating a distribution agreement in which defendant would distribute Fisherman products. Through its owners Brandon Johnston and/or Ken Hare, plaintiff made "numerous fraudulent misrepresentations and omissions regarding the products" including material facts regarding the "quality, finish, metallurgical properties, availability for timely delivery, and/or other characteristics of the products." Defendant Tri-Anim Health Services, Inc.'s Answer To Plaintiff's Second Amended Complaint And First Amended Counterclaim ("Answer & Counterclaim") (Doc. #62) filed November 16, 2006, ¶¶ 63, 65, 88, 89. In January and February of 2005, Johnston stated that (1) the samples of Fisherman surgical instruments were the same quality as the products which it would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and (3) plaintiff would promptly deliver the products. Id., ¶¶ 7-8, 10, 62, 87. On February 15, 2005, based on plaintiff's representations, defendant executed a written distribution

agreement.

After the parties executed the agreement, plaintiff frequently failed to provide defendant products of the quality and workmanship which it had represented in negotiations and the distribution agreement. Also, plaintiff did not timely deliver products or accurately state to certain customers of defendant where Fisherman products were made. On October 27, 2005, defendant sent plaintiff a notice of termination which stated that the distribution agreement was terminated immediately because of material defaults by Fisherman.

On March 8, 2006, plaintiff filed suit, asserting claims for breach of contract and promissory estoppel. See Second Amended Complaint (Doc. #53) filed November 6, 2006. In its answer, defendant asserts several affirmative defenses including mutual mistake, unilateral mistake and fraud. See Answer & Counterclaim (Doc. #62) ¶¶ 37, 38 & 41. Tri-Anim also asserts counterclaims for breach of express and implied warranties, rescission, breach of contract, fraud and negligent misrepresentation. See id. at 8-29.

## Analysis

**I.      Counterclaim Counts VI (Rescission) & VII (Fraud)**

Plaintiff argues that defendant's counterclaims for rescission and fraud should be dismissed for failure to comply with Rule 9(b), Fed. R. Civ. P. Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See NL Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986). The Court must read Rule 9(b) in harmony with the simplified notice

pleading provisions of Rule 8.  See Cayman Explor. Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989).  To plead a fraud claim, plaintiff must describe the circumstances of the fraud, i.e. the time, place and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation. Ramada Franchise Sys., Inc. v. Tresprop, Ltd., 188 F.R.D. 610, 612 (D. Kan. 1999).  In other words, plaintiff must set forth the who, what, where, when and how of the alleged fraud.  See VNA Plus v. Apria Healthcare Group, Inc., 29 F. Supp.2d 1253, 1258 (D. Kan. 1998); Nal II, Ltd. v. Tonkin, 705 F. Supp. 522, 525-26 (D. Kan. 1989).  These requirements may be somewhat relaxed where numerous representations are involved or where the responding party clearly is provided notice of the circumstances of the alleged fraud.  See VNA Plus, 29 F. Supp.2d at 1263.  Here, defendant has not shown why the more relaxed standard should apply.

Defendant's rescission and fraud claims are based on the same underlying statements and omissions.  Specifically, defendant alleges that through Brandon Johnston and/or Ken Hare, plaintiff made "numerous fraudulent misrepresentations and omissions regarding the products."  Answer & Counterclaim (Doc. #62) ¶¶ 63, 88.  Defendant alleges that the false statements and omissions included material facts regarding the "quality, finish, metallurgical properties, availability for timely delivery, and/or other characteristics of the products."  Id., ¶¶ 65, 89.  Defendant alleges that plaintiff made these false statements and omissions on numerous occasions between November of 2004 and November of 2006.  See id., ¶¶ 66, 90.  Counts VI and VII incorporate the general allegations of the counterclaim which allege that in January and February of 2005, Johnston stated that (1) the samples of Fisherman surgical instruments were the same quality as products which plaintiff would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and

(3) plaintiff would promptly deliver the products.  Id., ¶¶ 7-8, 10, 62, 87.  As to these three statements, Tri-Anim has satisfied the requirements of Rule 9(b) in both Counts VI and VII.  On the other hand, defendant's general allegations of misrepresentations and omissions regarding other "characteristics of the products" and the place where the products were manufactured are insufficient under Rule 9(b).  Id., ¶¶ 8-9, 65.  Defendant fails to specify the time and place of the statements, the specific content of the statements, the specific individual(s) who made the statements and the form of the statements, i.e. oral or written.  Likewise, to the extent that defendant relies on statements beyond the three specific statements outlined above, allegations of misrepresentations and omissions regarding the products' "quality, finish, metallurgical properties, [and] availability for timely delivery" are insufficient.  Id., ¶ 65.

The Court overrules plaintiff's motion to dismiss Counts VI and VII for failure to comply with Rule 9(b).  At present, however, Counts VI and VII satisfy Rule 9(b) only as to allegations that in January and February of 2005, Johnston stated that (1) the samples of Fisherman surgical instruments were the same quality as products which plaintiff would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and (3) plaintiff would promptly deliver the products.  Id., ¶¶ 7-8, 10, 62, 87.  To the extent that Counts VI and VII intend to rely on additional statements or omissions, defendant should seek leave to amend its counterclaims to conform to Rule 9(b).[1]  See N.L. Indus., 650 F. Supp. at 1130 (insufficient

---

[1]     Plaintiff argues that defendant should not be permitted to amend its answer and counterclaims because deposition discovery has commenced.  See Plaintiff's Reply Memorandum Of Law In Support Of Motion To Strike Certain Affirmative Defenses Of Tri-Anim's Answer To Plaintiff's Second Amended Complaint And To Dismiss Or Strike Counts VI and VII Of Defendant's First Amended Counterclaim, Or For Partial Judgment On The Pleadings On Those Counts, For Failure To Comply With Fed. R. Civ. P. 9(b) (Doc. #91) filed December 22, 2006 at 5.
(continued...)

allegations of fraud subject to liberal amendment provisions of Rule 15).

## II.     Affirmative Defenses Of Tri-Anim

Plaintiff seeks to strike defendant's affirmative defenses of mutual mistake, unilateral

mistake and fraud (set forth in paragraphs 37, 38 and 41 of defendant's answer) because they are not

set forth with the requisite particularity under Rule 9(b).  Defendant alleges the following affirmative

defenses:

> 37.     Plaintiff's claims are barred in whole or in part by mutual mistake of the
> parties regarding a basic assumption or material fact upon which the Distribution
> Agreement and/or any other express or implied agreement between the parties was
> based.
>
> 38.     Plaintiff's claims are barred in whole or in part because Tri-Anim was
> mistaken as to a basic assumption or material fact upon which the Distribution
> Agreement and/or any other express or implied agreement between the parties was
> based, and Fisherman knew of Tri-Anim's mistake, had reason to know of Tri-
> Anim's mistake, and/or caused Tri-Anim's mistake.  * * *
>
> 41.     Plaintiff's claims are barred in whole or in part because the Distribution
> Agreement and/or any other express or implied agreement between the parties was
> procured through Fisherman's fraud.

Answer & Counterclaim (Doc. #62) ¶¶ 37, 38 & 41.

Rule 9(b) applies equally to claims of fraud and mistake.  See Fed. R. Civ. P. 9(b).  Here, the

alleged defenses of fraud and mistake are wholly conclusory and do not satisfy the requirements of

Rule 9(b).  In particular, defendant fails to specify the time and place of any misrepresentations or

omissions, the specific content of any statements or matter omitted, the specific individual(s) who

made the statements or omitted material information and the form of any statements, i.e. oral or

---

[1](...continued)
If and when defendant files a motion to amend under D. Kan. Rule 15.1, the Court can address the
timeliness of the proposed amendment.

written.  Defendant maintains that the factual allegations in support of its affirmative defenses are included elsewhere in its answer and counterclaim.  To the extent defendant is referring to the factual allegations of its counterclaim, it has not incorporated those allegations in its affirmative defenses of fraud and mistake.  Plaintiff has notice of the allegations that in January and February of 2005, Johnston stated that (1) the samples of Fisherman surgical instruments were the same quality of products which it would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and (3) plaintiff would promptly deliver the products.  Id., ¶¶ 7-8, 10, 62, 87.  Defendant, however, has not specified whether its affirmative defenses of fraud and mistake relate to these three statements or other unspecified statements or omissions.  The Court therefore sustains Fisherman's motion to dismiss Tri-Anim's affirmative defenses of fraud and mistake for failure to comply with Rule 9(b).  As above, defendant may seek leave to amend its answer to set forth affirmative defenses which comply with Rule 9(b).  See N.L. Indus., 650 F. Supp. at 1130 (insufficient allegations of fraud subject to liberal amendment provisions of Rule 15).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Strike Certain Affirmative Defenses Of Tri-Anim's Answer To Plaintiff's Second Amended Complaint And To Dismiss Or Strike Counts VI and VII Of Defendant's First Amended Counterclaim, Or For Partial Judgment On The Pleadings On Those Counts, For Failure To Comply With Fed. R. Civ. P. 9(b) (Doc. #68) filed November 17, 2006 be and hereby is **SUSTAINED in part**.  The Court sustains plaintiff's motion to dismiss as to the affirmative defenses of mutual mistake, unilateral mistake and fraud set forth in paragraphs 37, 38 and 41 of Tri-Anim's Answer & Counterclaim (Doc. #62) and all fraud allegations in Counts VI and VII of Tri-Anim's counterclaim except for the allegations that in January and February of 2005, Johnston stated that (1) the samples of Fisherman surgical

-7-

instruments were the same quality as the products which it would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and (3) plaintiff would promptly deliver the products.  Plaintiff's motion is otherwise overruled.

Dated this 21st day of March, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge