IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FISHERMAN SURGICAL INSTRUMENTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 06-2082-KHV |
| **TRI-ANIM HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion To Review Magistrate Judge's April 26, 2007 Order Granting Defendant's Motion For Leave To Amend Its Answer And Counterclaims Out Of Time And Memorandum Of Law In Support Thereof (Doc. #263) filed May 10, 2007. For reasons stated below, the Court sustains plaintiff's motion in part.

## Legal Standards

Upon objection to a magistrate judge order on a non-dispositive matter, the district court may modify or set aside any portion of the order which it finds to be "clearly erroneous or contrary to law." Rule 72(a), Fed. R. Civ. P.; 28 U.S.C. § 636(b)(1)(A). The Court does not conduct a *de novo* review; rather, it applies a more deferential standard under which the moving party must show that the magistrate judge order is "clearly erroneous or contrary to law." Id.; see Burton v. R.J. Reynolds Tobacco Co., 177 F.R.D. 491, 494 (D. Kan. 1997). The Court is required to affirm the magistrate's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948)); see Smith v. MCI Telecomm. Corp., 137 F.R.D. 25, 27 (D. Kan. 1991)

(district court will generally defer to magistrate judge and overrule only if discretion clearly abused).

## Factual Background

Defendant Tri-Anim Health Services, Inc.'s Answer To Plaintiff's Second Amended Complaint And First Amended Counterclaim ("Answer & Counterclaim") (Doc. #62) filed November 16, 2006 alleges as follows:

Plaintiff manufactures surgical instruments. In December of 2004, plaintiff and defendant began negotiating an agreement under which defendant would distribute plaintiff's surgical instruments. Through its owners Brandon Johnston and/or Ken Hare, plaintiff made "numerous fraudulent misrepresentations and omissions regarding the products" including material facts regarding the "quality, finish, metallurgical properties, availability for timely delivery, and/or other characteristics of the products." Answer & Counterclaim" (Doc. #62) ¶¶ 63, 65, 88, 89. Specifically, in January and February of 2005, Johnston stated that (1) the samples of plaintiff's surgical instruments were the same quality as the products which it would sell to defendant; (2) the products were of high quality stainless steel and had excellent workmanship; and (3) plaintiff would promptly deliver the products. Id., ¶¶ 7-8, 10, 62, 87. On February 15, 2005, based on plaintiff's representations, defendant executed a written distribution agreement.

After the parties executed the agreement, plaintiff frequently failed to provide products of the quality and workmanship which it had represented in negotiations and the distribution agreement. Also, plaintiff did not timely deliver products and accurately state to certain customers of defendant where its products were made. On October 27, 2005, defendant sent plaintiff a notice of termination which stated that the distribution agreement was terminated immediately because of material defaults by plaintiff.

**Procedural Background**

On March 8, 2006, plaintiff filed suit, asserting claims for breach of contract and promissory estoppel. See Second Amended Complaint (Doc. #53) filed November 6, 2006. In its answer, defendant asserted several affirmative defenses including mutual mistake, unilateral mistake and fraud. See Answer & Counterclaim (Doc. #62) ¶¶ 37, 38 & 41. Defendant also asserted counterclaims for breach of express and implied warranties, rescission, breach of contract, fraud and negligent misrepresentation.

On March 21, 2007, the Court sustained plaintiff's motion to dismiss in part. See Memorandum And Order (Doc. #178). In particular, the Court sustained plaintiff's motion to dismiss the affirmative defenses of mutual mistake, unilateral mistake and fraud set forth in paragraphs 37, 38 and 41 of defendant's Answer & Counterclaim (Doc. #62) and most fraud allegations in Counts VI and VII of defendant's counterclaim.[1] The Court held that to the extent defendant relied on additional statements or omissions, it should seek leave to amend its counterclaims and affirmative defenses to conform to Rule 9(b).

On April 26, 2007, Magistrate Judge James P. O'Hara sustained defendant's motion for leave to amend its answer and counterclaims out of time. See Order (Doc. #243). Defendant's amended answer and counterclaims include additional statements, upon which defendant bases its rescission and fraud counterclaims and affirmative defense of fraud. See Defendant Tri-Anim Health Services, Inc.'s Answer To Plaintiff's Second Amended Complaint And Second Amended Counterclaim ("Amended Answer &

---

[1] The Court did not dismiss defendant's counterclaims that in January and February of 2005, Johnston stated that (A) the samples of plaintiff's surgical instruments were the same quality as the products which it would sell to defendant; (B) the products were of high quality stainless steel and had excellent workmanship; and (C) plaintiff would promptly deliver the products. See Memorandum And Order (Doc. #178) at 7-8.

Counterclaim") (Doc. #244) filed April 27, 2007, ¶ 41 of Answer, and ¶¶ 66, 92 of Counterclaim. Defendant's amended answer and counterclaims also allege mutual mistake and unilateral mistake as to ten specific material facts. See id. ¶¶ 37, 38 of Answer.

## Analysis

### I.  Compliance With Rule 9(b)

Plaintiff argues that in allowing leave to amend, the magistrate judge ruling was clearly erroneous or contrary to law because defendant did not cure the Rule 9(b) deficiencies set forth in the Court's Memorandum And Order (Doc. #178). Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See NL Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986). The Court must read Rule 9(b) in harmony with the simplified notice pleading provisions of Rule 8. See Cayman Explor. Corp. v. United Gas Pipe Line Co., 873 F.2d 1357, 1362 (10th Cir. 1989). To plead a fraud claim, plaintiff must describe the circumstances of the fraud, i.e. the time, place and content of the false representation; the identity of the person making the representation; and the harm caused by plaintiff's reliance on the false representation. Ramada Franchise Sys., Inc. v. Tresprop, Ltd., 188 F.R.D. 610, 612 (D. Kan. 1999). In other words, plaintiff must set forth the who, what, where, when and how of the alleged fraud. See VNA Plus v. Apria Healthcare Group, Inc., 29 F. Supp.2d 1253, 1258 (D. Kan. 1998); Nal II, Ltd. v. Tonkin, 705 F. Supp. 522, 525-26 (D. Kan. 1989). These requirements may be somewhat relaxed where numerous representations are involved or where the responding party clearly is provided

notice of the circumstances of the alleged fraud. See VNA Plus, 29 F. Supp.2d at 1263. Here, defendant has not shown why the more relaxed standard should apply.

Defendant's amended rescission and fraud claims, and its affirmative defense of fraud, are based on the same underlying statements and omissions. The amended answer and counterclaims allege as follows:

> (a) From December 2004 through at least February 2005, Brandon Johnston and/or Ken Hare stated (orally and in writing) to numerous representatives of Tri-anim that the samples of Fisherman surgical instruments provided by Fisherman to Tri-anim in December 2004 through February 2005 were the same quality products which Fisherman would sell to Tri-anim;
>
> (b) From January 2005 through at least October 2005, Brandon Johnston and/or Ken Hare stated (orally and in writing) to numerous representatives of Tri-anim that Fisherman products were of surgical grade and/or were of comparable quality to leading manufacturers' products;
>
> (c) From January 2005 through at least August 2005, Brandon Johnston and/or Ken Hare falsely stated (orally and in writing) Fisherman's ability to promptly deliver the products;
>
> (d) From January 2005 through at least October 2005, Brandon Johnson and/or Ken Hare falsely stated (orally and in writing) that Fisherman products were manufactured in whole or in part in Germany;
>
> (e) From January 2005 through the present day, Brandon Johnston and/or Ken Hare omitted to state to Tri-anim and/or Tri-anim customers the correct country of origin of Fisherman instruments; and/or
>
> (f) From January 2005 through the present day, Brandon Johnston and/or Ken Hare falsely stated Fisherman's compliance and/or failed to state Fisherman's non-compliance with laws, rules, and/or regulations associated with state sales or trade practices laws, the Tariff Act of 1930, the Lanham Act, and/or the Federal Food, Drug, and Cosmetic Act (including, but not limited to, 21 C.F.R. Part 800 et seq.).

Amended Answer & Counterclaim (Doc. #244) ¶ 41 of Answer, and ¶¶ 66, 92 of Counterclaim. The magistrate judge found that all of the above statements sufficiently set forth the who, what, where, when

and how of the alleged fraud. See Order (Doc. #243) at 8. Plaintiff argues that the magistrate judge ruling is erroneous because defendant has not specified the time and place of the statements, the specific individuals who made the statements and the specific content of the statements. See Plaintiff's Motion To Review (Doc. #263) at 9. As to the first five statements (a to e), the magistrate judge did not err in finding that Tri-Anim had satisfied the requirements of Rule 9(b). Tri-anim has sufficiently narrowed the time and the individuals involved, so that based on the context of the parties' business relationship, plaintiff is on notice of the alleged fraud and the place of the alleged fraud. On the other hand, the last statement (paragraph (f)) in support of Tri-Anim's fraud allegations is insufficient under Rule 9(b). That statement alleges that "[f]rom January 2005 through the present day, Brandon Johnston and/or Ken Hare falsely stated Fisherman's compliance and/or failed to state Fisherman's non-compliance with laws, rules, and/or regulations associated with state sales or trade practices laws, the Tariff Act of 1930, the Lanham Act, and/or the Federal Food, Drug, and Cosmetic Act (including, but not limited to, 21 C.F.R. Part 800 et seq.)." From the allegation, plaintiff cannot ascertain whether defendant asserts a claim of fraudulent misrepresentation or fraudulent omission. More importantly, plaintiff cannot ascertain the specific "laws, rules and/or regulations" at issue. Accordingly, the Court sustains plaintiff's objection to the magistrate judge ruling which granted defendant leave to assert this allegation. Because a pretrial order has been entered since the filing of plaintiff's objection, see Pretrial Order (Doc. #271) filed May 25, 2007, the Court will construe the pretrial order as omitting this allegation. See, e.g., Pretrial Order (Doc. #271) at 9 (allegation that "[o]ther practices and procedures utilized by Fisherman also were in violation of various Food, Drug and Cosmetic laws, rules, and regulations"); id. at 9 (allegation that one of Fisherman's suppliers was not qualified to ship surgical instruments to the United States); id. at 21 (allegation that

Fisherman falsely stated its compliance and/or failed to state its non-compliance with various laws, rules and/or regulations).

Tri-anim's amended answer also alleges mutual mistake and unilateral mistake as to the following material facts:

(a) The contents, meaning, scope, and/or duty to develop the Exhibit A referred to in the Distribution Agreement;

(b) The geographical or territorial scope of the Distribution Agreement;

(c) The ability of either party to terminate the agreement at any time upon 90 days' written notice;

(d) The samples of Fisherman surgical instruments provided by Fisherman to Tri-anim in January and February of 2005 were the same quality as the production units which Fisherman would sell to Tri-anim;

(e) Fisherman products were of high quality stainless steel;

(f) Fisherman products had excellent workmanship;

(g) Fisherman's ability to promptly deliver the products;

(h) The country of origin of Fisherman instruments and/or the applicable laws, rules, and regulations regarding country of origin marking rules, including the Tariff Act of 1930 and/or the Lanham Act;

(i) Fisherman's compliance with the applicable laws, rules, and regulations regarding country of origin marking rules, including the Tariff Act of 1930 and/or the Lanham Act; and/or

(j) Fisherman's compliance with the laws, rules, and regulations applicable to an importer and/or manufacturer of surgical instruments, including the Federal Food, Drug, and Cosmetic Act (including but not limited to 21 C.F.R. Part 800 et seq.)

Id. ¶¶ 37, 38 of Answer. Rule 9(b) applies equally to claims of fraud and mistake. See Fed. R. Civ. P. 9(b). The magistrate judge found that all of the above facts set forth a sufficient basis for the alleged

mistakes under Rule 9(b). See Order (Doc. #243) at 8. Plaintiff argues that the magistrate judge ruling is erroneous because defendant has not specified the who, what, where, when and how of the alleged mistakes. At this point, plaintiff's objection is moot because defendant did not include its detailed mistake allegations in the pretrial order. Instead, the pretrial order simply alleges as follows:

> (10)  Plaintiff's claims are barred in whole or in part by the mutual mistake of the parties regarding a basic assumption or material fact upon which the Distribution Agreement and/or any other express or implied agreement between the parties was based.
>
> (11)  Plaintiff's claims are barred in whole or in part because Tri-anim was mistaken as to a basic assumption or material fact upon which the Distribution Agreement and/or any other express or implied agreement between the parties was based, and Fisherman knew of Tri-anim's mistake, had reason to know of Tri-anim's mistake, and/or caused Tri-anim's mistake.

Pretrial Order (Doc. #271) at 20. Defendant's mistake allegations in the pretrial order are wholly conclusory and insufficient under Rule 9(b). The pretrial order does not specify the date, the individuals involved in or the subject matter of the alleged mistakes. Therefore, the Court sustains in part plaintiff's objection to the magistrate's ruling, which the Court construes as an objection to the mistake allegations in the pretrial order.

## II.  **Prejudice To Plaintiff**

Plaintiff next argues that as to the remaining allegations of fraud, the magistrate judge ruling was clearly erroneous or contrary to law because it allowed defendant to assert new alleged misrepresentations and omissions (related to FDA and customs rules compliance) that were not disclosed in discovery. Plaintiff maintains that it took discovery on *any* false statements or omissions and that defendant's representatives did not identify any of the new alleged misrepresentations or omissions. Plaintiff, however, has not explained how it is prejudiced in this regard. Plaintiff can use the "favorable admissions" of

defendant's witnesses to defend against the new claims of misrepresentations and omissions. In addition, except for the one allegation of fraud (which the Court dismisses for failure to comply with Rule 9(b)), plaintiff had adequate notice of the alleged fraud from defendant's prior answer and counterclaims.[2] The

---

[2] The amended answer and counterclaims allege as follows:

(a) From December 2004 through at least February 2005, Brandon Johnston and/or Ken Hare stated (orally and in writing) to numerous representatives of Tri-anim that the samples of Fisherman surgical instruments provided by Fisherman to Tri-anim in December 2004 through February 2005 were the same quality products which Fisherman would sell to Tri-anim;

(b) From January 2005 through at least October 2005, Brandon Johnston and/or Ken Hare stated (orally and in writing) to numerous representatives of Tri-anim that Fisherman products were of surgical grade and/or were of comparable quality to leading manufacturers' products;

(c) From January 2005 through at least August 2005, Brandon Johnston and/or Ken Hare falsely stated (orally and in writing) Fisherman's ability to promptly deliver the products;

(d) From January 2005 through at least October 2005, Brandon Johnson and/or Ken Hare falsely stated (orally and in writing) that Fisherman products were manufactured in whole or in part in Germany;

(e) From January 2005 through the present day, Brandon Johnston and/or Ken Hare omitted to state to Tri-anim and/or Tri-anim customers the correct country of origin of Fisherman instruments; and/or

(f) From January 2005 through the present day, Brandon Johnston and/or Ken Hare falsely stated Fisherman's compliance and/or failed to state Fisherman's non-compliance with laws, rules, and/or regulations associated with state sales or trade practices laws, the Tariff Act of 1930, the Lanham Act, and/or the Federal Food, Drug, and Cosmetic Act (including, but not limited to, 21 C.F.R. Part 800 et seq.).

Amended Answer & Counterclaim (Doc. #244) ¶ 41 of Answer, and ¶¶ 66, 92 of Counterclaim.

Statement (a) is reasonably encompassed within defendant's prior allegation that plaintiff stated that
(continued...)

Court therefore overrules plaintiff's motion to review based on prejudice.

**IT IS THEREFORE ORDERED** that <u>Plaintiff's Motion To Review Magistrate Judge's April 26, 2007 Order Granting Defendant's Motion For Leave To Amend Its Answer And Counterclaims Out Of Time And Memorandum Of Law In Support Thereof</u> (Doc. #263) filed May 10, 2007 be and hereby is **SUSTAINED in part**. The Court construes the <u>Pretrial Order</u> (Doc. #271) as omitting (1) defendant's allegations that plaintiff falsely stated its compliance and failed to state its non-compliance with various laws, rules and/or regulations including the Food, Drug and Cosmetic laws and (2) defendant's affirmative defenses of unilateral and mutual mistake. Plaintiff's motion is otherwise overruled.

Dated this 9th day of July, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil<br>
KATHRYN H. VRATIL<br>
United States District Judge

---

²(...continued)
its samples were the same quality as the products which plaintiff would sell to defendant. <u>See</u> <u>Answer And Counterclaim</u> (Doc. #62), ¶ 7 of Counterclaim. Statement (b) merely clarifies defendant's prior allegations that plaintiff stated that its samples were the same quality as the products which it would sell to defendant and that the products were of high quality stainless steel and had excellent workmanship. <u>See id.</u>, ¶¶ 7-8 of Counterclaim. Statement (c) largely tracks defendant's prior allegation that plaintiff stated that it was able to promptly deliver the products. <u>See id.</u>, ¶ 10 of Counterclaim. Statements (d) and (e), related to country of origin, amplify defendant's prior allegations that plaintiff misrepresented where the products were made. <u>See id.</u>, ¶ 14 of Counterclaim (on many occasions, plaintiff failed to accurately state to certain customers of defendant where products were made); <u>id.</u>, ¶¶ 15-16 of Counterclaim (plaintiff failed to accurately state where products were made); <u>id.</u>, ¶ 50(c) of Counterclaim (same); <u>id.</u>, ¶ 55(c) of Counterclaim (same); <u>id.</u>, ¶ 73(c) of Counterclaim (same); <u>see also id.</u>, ¶ 43 of Counterclaim (products would not pass without objection in trade using plaintiff's descriptions of "surgical grade" and "German Stainless Steel" instruments); <u>id.</u>, ¶ 46 of Counterclaim (products were unmerchantable as "surgical grade" and "German Stainless Steel" instruments).