# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| FISHERMAN SURGICAL INSTRUMENTS, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TRI-ANIM HEALTH SERVICES, INC., )<br>)<br>Defendant. )<br>_____) | CIVIL ACTION<br><br>No. 06-2082-KHV |

## MEMORANDUM AND ORDER

This matter is before the Court on <u>Fisherman's Motion To Strike Tri-Anim Health Services, Inc.'s Opposition To Fisherman Surgical Instruments, LLC's Motion For Partial Summary Judgment And Memorandum In Support Thereof</u> (Doc. #309) filed June 22, 2007. For reasons stated below, the Court overrules plaintiff's motion.

Pursuant to Rule 12(f), Fed. R. Civ. P., plaintiff asks the Court to strike defendant's opposition to plaintiff's motion for partial summary judgment because it does not comply with D. Kan. Rule 56.1. Defendant argues that plaintiff's motion is procedurally improper and without merit. Rule 12(f), Fed. R. Civ. P. provides as follows:

> Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these Rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the Court's own initiative at any time, the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

A court will usually deny a motion to strike unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. <u>Nwakpuda v. Falley's, Inc.</u>, 14 F. Supp.2d 1213, 1215 (D. Kan. 1998). A Rule 12(f) motion is not the appropriate method to challenge the factual

support for an allegation. Id.

Rule 12(f) authorizes the Court to strike material from *pleadings*. A memorandum in opposition to a motion for summary judgment is not a pleading. See Fed. R. Civ. P. 7(a) (pleadings include complaint, answer, reply to counterclaim, answer to counterclaim, third-party complaint and third-party answer); Trujillo v. Bd. of Educ. of Albuquerque Pub. Schs., 230 F.R.D. 657, 660 (D.N.M. 2005) (complaint, answer and reply constitute pleadings; motions and other papers not pleadings). The Federal Rules of Civil Procedure do not provide for motions to strike motions or memoranda. See Searcy v. Soc. Sec. Admin., No. 91-4181, 1992 WL 43490 at *2 (10th Cir. Mar. 2, 1992); Commodity Futures Trading Comm'n v. Purser, No. 00-CV-622-TS, 2006 WL 288420, at *1 (D. Utah 2006); Trujillo, 230 F.R.D. at 660; see also Dawson v. City of Kent, 682 F. Supp. 920, 922 (N.D. Ohio 1988) (Rule 12(f) relates only to pleadings), aff'd, 865 F.2d 257 (6th Cir. 1988). The Court therefore overrules plaintiff's motion to strike.[1]

**IT IS THEREFORE ORDERED** that Fisherman's Motion To Strike Tri-Anim Health Services, Inc.'s Opposition To Fisherman Surgical Instruments, LLC's Motion For Partial Summary Judgment And Memorandum In Support Thereof (Doc. #309) filed June 22, 2007 be and hereby is **OVERRULED**.

Dated this 20th day of July, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[1] Of course, in ruling on plaintiff's motion for partial summary judgment, the Court will address whether defendant has complied with D. Kan. Rule 56.1.