IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FISHERMAN SURGICAL INSTRUMENTS, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 06-2082-KHV** |
| **TRI-ANIM HEALTH SERVICES, INC.,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

**MEMORANDUM AND ORDER**

Fisherman Surgical Instruments, LLC ("Fisherman") brings suit against Tri-anim Health Services, Inc. ("Tri-anim"), alleging that Tri-anim breached the terms of its agreement to distribute Fisherman's general surgical instruments. This matter is before the Court on Defendant's Motion To Reconsider Or, In The Alternative, To Clarify The Court's July 9, 2007 Order (Doc. #340) filed July 23, 2007. For reasons stated below, the Court overrules defendant's motion.

**Legal Standards**

The Court has discretion whether to grant or deny a motion to reconsider. Hancock v. City of Okla. City, 857 F.2d 1394, 1395 (10th Cir. 1988). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992).

**Procedural Background**

The Court set forth the factual and procedural background in the Memorandum And Order (Doc. #335) filed July 9, 2007, which the Court incorporates herein by reference.

On April 26, 2007, Magistrate Judge James P. O'Hara granted defendant's motion to amend its answer and counterclaims. See Order (Doc. #243). Plaintiff objected to the ruling, contending that defendant's fraud and mistake defenses did not meet the particularity requirements of Fed. R. Civ. P. 9(b). On July 9, 2007, the Court affirmed the magistrate judge rulings except with respect to: (1) defendant's specific allegation that "[f]rom January 2005 through the present day, Brandon Johnston and/or Ken Hare falsely stated Fisherman's compliance and/or failed to state Fisherman's non-compliance with laws, rules, and/or regulations associated with state sales or trade practices laws, the Tariff Act of 1930, the Lanham Act, and/or the Federal Food, Drug, and Cosmetic Act (including, but not limited to, 21 C.F.R. Part 800 et seq.)" and (2) defendant's affirmative defenses of mutual mistake and unilateral mistake. See Memorandum And Order (Doc. #335) at 5-6; 8 (quoting Doc. #244 ¶ 41 of Amended Answer and ¶¶ 66, 92 of Counterclaim and citing Doc. #244 ¶¶ 37, 38 of Amended Answer). As to these allegations, the Court sustained plaintiff's objections to the magistrate judge ruling. Defendant asks the Court to reconsider.

**Analysis**

**I.      Fraud Claim Based On Non-compliance With Laws, Rules Or Regulations**

Defendant does not address the standards for reconsideration and therefore does not identify any grounds for reconsideration. As to the fraud claim based on alleged non-compliance with laws, rules or regulations, defendant argues that plaintiff's late production of some documents precluded it from alleging the claim with more particularity. Plaintiff produced the documents on May 2,

2007, however – eight days before defendant filed its opposition to plaintiff's motion for review of the magistrate's decision. The documents do not constitute "new evidence" under Rule 7.3(b), and cannot provide a basis for reconsidering the Court's ruling of July 9, 2007.

Although defendant argues that the Court's ruling was incorrect, it does not assert that the Court committed clear error or that reconsideration is necessary to prevent manifest injustice. Defendant simply states that it meets the Rule 9 particularity requirements by alleging that "[f]rom January 2005 through the present day, Brandon Johnston and/or Ken Hare falsely stated Fisherman's compliance and/or failed to state Fisherman's non-compliance with laws, rules, and/or regulations associated with state sales or trade practices laws, the Tariff Act of 1930, the Lanham Act, and/or the Federal Food, Drug, and Cosmetic Act (including, but not limited to, 21 C.F.R. Part 800 et seq.)".[1] Upon reconsideration, the Court remains convinced that from the allegation, plaintiff cannot ascertain the specific "laws, rules and/or regulations" at issue.[2] Referencing entire acts of Congress does not satisfy Rule 9(b). See, e.g., Pestube Sys., Inc. v. HomeTeam Pest Defense, No. 05-2832, 2006 WL 1441014, at *4 (D. Ariz. May 24, 2006) (must set forth specific details where fraud claim is based on acts which also underlie Lanham Act claim). Accordingly, the Court overrules

---

[1] As noted in the Court's earlier ruling, Rule 9(b) requires that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." The purpose of Rule 9(b) is to enable a defending party to prepare an effective response to charges of fraud and to protect the defending party from unfounded charges of wrongdoing which might injure its reputation and goodwill. See NL Indus., Inc. v. Gulf & W. Indus., Inc., 650 F. Supp. 1115, 1129-30 (D. Kan. 1986). In other words, plaintiff must set forth the who, what, where, when and how of the alleged fraud.

[2] In its initial review of the magistrate judge ruling, the Court also stated that plaintiff cannot ascertain whether defendant asserts a claim of fraudulent misrepresentation or fraudulent omission. Defendant now argues that it is allowed to plead fraud or fraud by silence in the alternative. The allegations do not otherwise meet the particularity requirement, however, so the Court does not address this issue.

defendant's motion for reconsideration as to the fraud claim.

**II.     Affirmative Defenses Of Mutual And Unilateral Mistake**

Defendant also asks the Court to reconsider its ruling that the pretrial order did not specify the who, what, where, when and how of the alleged mistakes. In support of its motion to reconsider, defendant does not address the standards for reconsideration and therefore does not identify any grounds for reconsideration. In its amended answer, defendant alleged mutual mistake and unilateral mistake as to the following material facts:

> (a) The contents, meaning, scope, and/or duty to develop the Exhibit A referred to in the Distribution Agreement;
>
> (b) The geographical or territorial scope of the Distribution Agreement;
>
> (c) The ability of either party to terminate the agreement at any time upon 90 days' written notice;
>
> (d) The samples of Fisherman surgical instruments provided by Fisherman to Tri-anim in January and February of 2005 were the same quality as the production units which Fisherman would sell to Tri-anim;
>
> (e) Fisherman products were of high quality stainless steel;
>
> (f) Fisherman products had excellent workmanship;
>
> (g) Fisherman's ability to promptly deliver the products;
>
> (h) The country of origin of Fisherman instruments and/or the applicable laws, rules, and regulations regarding country of origin marking rules, including the Tariff Act of 1930 and/or the Lanham Act;
>
> (i) Fisherman's compliance with the applicable laws, rules, and regulations regarding country of origin marking rules, including the Tariff Act of 1930 and/or the Lanham Act; and/or
>
> (j) Fisherman's compliance with the laws, rules, and regulations applicable to an importer and/or manufacturer of surgical instruments, including the Federal Food, Drug, and Cosmetic Act (including but not limited to 21 C.F.R. Part 800 et seq.).

¶¶ 37, 38 of Amended Answer. The magistrate judge found that all of the above facts set forth a sufficient basis for the alleged defenses of mistake under Rule 9(b). See Order (Doc. #243) at 8. This Court found that plaintiff's objection to the magistrate's ruling was moot because defendant had not included its detailed mistake allegations in the pretrial order. Instead, the pretrial order simply alleged as follows:

> (10) Plaintiff's claims are barred in whole or in part by the mutual mistake of the parties regarding a basic assumption or material fact upon which the Distribution Agreement and/or any other express or implied agreement between the parties was based.
>
> (11) Plaintiff's claims are barred in whole or in part because Tri-anim was mistaken as to a basic assumption or material fact upon which the Distribution Agreement and/or any other express or implied agreement between the parties was based, and Fisherman knew of Tri-anim's mistake, had reason to know of Tri-anim's mistake, and/or caused Tri-anim's mistake.

Pretrial Order (Doc. #271) at 20. Defendant argues that the Court should not have considered the mistake allegations in the pretrial order as a basis for sustaining plaintiff's motion to review the magistrate judge ruling that defendant's mistake allegations met the particularity requirements. Defendant argues that it was not required to state mistake allegations with particularity in the pretrial order, and that the Court should have reviewed its amended answer instead. Defendant points to the Court's standard pretrial order which provides that the statement of each defense should be "concise, preferably in a single sentence." The pretrial order, however, "supercedes the pleadings and controls the subsequent course of litigation." A.J. Plastic Prods., Inc. v. Sandretto USA, Inc., Case No. 04-2267, 2006 WL 618149, at *5 (D. Kan. Mar. 10, 2006) (claim asserted in complaint, but not reasserted in pretrial order deemed abandoned); Wilson v. Muckala, 303 F.3d 1207, 1215-16 (10th Cir. 2002). Tri-anim itself has noted that after entry of a pretrial order, the pleadings are no longer at issue "because the parties have agreed upon and entered into the Final Pretrial Order, *which*

*contains all of the necessary elements of the parties' claims.*" Tri-anim Health Services, Inc.'s Opposition To Fisherman Surgical Instruments, LLC's Partial Motion For Summary Judgment (Doc. #273) filed May 30, 2007 at 71 (emphasis added). The Court properly evaluated defendant's mistake allegations as articulated in the pretrial order. See E.I. Dupont De Nemours & Co. v. Abbott Labs., No. 90-7338, 1992 WL 245642, at *2-3 (N. D. Ill. Sept. 18, 1992) (pretrial order supercedes complaint; where pretrial order alleged basis of fraud with specificity, no need to amend pleadings to include basis for inequitable conduct defense); cf. Commercial Ins. Co. of Newark v. Smith, 417 F.2d 1330, 1333 (10th Cir. 1969) (pretrial order converted equitable fraud claim to fraud defense).

Defendant's motion for reconsideration of this issue is therefore overruled.

### III.    Motion For Clarification

Defendant asserts that the Memorandum And Order of July 9, 2007 (Doc. #335) could be construed to omit from the pretrial order all allegations of regulatory violations by plaintiff, regardless whether those allegations were connected to fraud or mistake. The Court's order, however, only addressed the question whether and to what extent defendant's claims and defenses based on fraud and mistake are part of this case. To the extent that defendant seeks to raise evidentiary issues, the Court will entertain such issues in the normal course of proceedings.

**IT IS THEREFORE ORDERED** that Defendant's Motion To Reconsider Or, In The Alternative, To Clarify The Court's July 9, 2007 Order (Doc. #340) filed July 23, 2007 be and hereby is **OVERRULED**.

Dated this 16th day of August, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
